UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| MARCUS BRENT FIFER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No.: 15-3236-CSB |
| | ) |
| | ) |
| TODD KRUEGER, | ) |
| | ) |
| Defendant. | ) |

## ORDER

**COLIN S. BRUCE, U.S. District Judge:**

This cause is before the Court on Defendant Todd Krueger's motion for summary judgment. As explained more fully below, Krueger is entitled to summary judgment because Plaintiff Marcus Brent Fifer has failed to offer any verifying medical evidence that the delay (rather than his underlying condition) caused him to experience some degree of harm in violation of his Due Process rights.

I.
MATERIAL FACTS

From November 18, 2013 until February 29, 2016, Plaintiff Marcus Brent Fifer was a federal pre-trial detainee at the Sangamon County Jail in Springfield, Illinois ("the Jail"). On March 5, 2015, Fifer submitted a request form to be seen by the medical staff at the Jail because he did not feel well. Fifer noted in his request that he could not stand due to his dizziness, that his stomach hurt, and that he was having muscle spasms. Nurse William Ernst did not retrieve Fifer's request to be seen by the Jail's medical staff

until March 6, 2015.  The only other medical personnel who Fifer saw on March 5 was an unidentified nurse who issued Fifer's regular medication to him.[1]  Although Fifer complained to this unidentified nurse about his condition, no action was taken.

Sometime around 1:30 a.m. on March 6, Fifer uncontrollably vomited, defecated, and urinated on the floor in his cell.  Fifer notified Correctional Officer Carey Coffin, while she conducted her routine rounds, of his predicament and told her that he was in extreme pain.  Officer Coffin reported Fifer's situation to Defendant Sgt. Todd Krueger.  Sgt. Krueger instructed Officer Coffin to tell Fifer that he could be evaluated by the medical staff in the morning.  Fifer did not vomit any more after the 1:30 a.m. incident.

At 9:50 a.m. on March 6, Physician's Assistant Dan Williams examined Fifer.  After this examination, PA Williams ordered that Fifer be transported to the hospital because PA Williams believed that Fifer may be suffering from a gastric bleed.  Fifer was immediately taken to the hospital where he stayed and was treated until his release on March 11, 2015.

On August 17, 2015, Fifer filed this case under 42 U.S.C. § 1983 alleging that Sgt. Krueger was deliberately indifferent to his serious medical needs on the night of March 5, 2015, and on the morning of March 6, 2015.  Fifer alleged that, although he never spoke with Sgt. Krueger during the time in question, Sgt. Krueger was the person in charge at the Jail at the time, that Sgt. Krueger had the power and authority to call 9-1-1 and to summon an ambulance to help him, that Sgt. Krueger never checked on him, and

---

[1] Pursuant to Federal Rule of Evidence 201 and at Sgt. Krueger's request, the Court takes judicial notice of Fifer's medical records that were filed in a companion case with this Court: *Fifer v. Abraham*, CDIL, Cause No. 15-3235.

2

that Sgt. Krueger acted with deliberate indifference towards his serious medical needs by ignoring Fifer's medical needs. Sgt. Krueger has now moved for summary judgment on Fifer's claim against him.

## II.
## LEGAL STANDARDS GOVERNING SUMMARY JUDGMENT

Federal Rule of Civil Procedure 56(a) provides that summary judgment shall be granted if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. FED. R. CIV. P. 56(a); *Ruiz-Rivera v. Moyer,* 70 F.3d 498, 500-01 (7th Cir. 1995). The moving party has the burden of providing proper documentary evidence to show the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett,* 477 U.S. 317, 323-24 (1986). Once the moving party has met its burden, the opposing party must come forward with specific evidence, not mere allegations or denials of the pleadings, which demonstrates that there is a genuine issue for trial. *Gracia v. Volvo Europa Truck, N.V.,* 112 F.3d 291, 294 (7th Cir. 1997). "[A] party moving for summary judgment can prevail just by showing that the other party has no evidence on an issue on which that party has the burden of proof." *Brazinski v. Amoco Petroleum Additives Co.,* 6 F.3d 1176, 1183 (7th Cir. 1993). "As with any summary judgment motion, we review cross-motions for summary judgment construing all facts, and drawing all reasonable inferences from those facts, in favor of the nonmoving party." *Laskin v. Siegel,* 728 F.3d 7314, 734 (7th Cir. 2013) (internal quotation marks omitted).

Accordingly, the non-movant cannot rest on the pleadings alone, but must designate specific facts in affidavits, depositions, answers to interrogatories or admissions that establish that there is a genuine triable issue; he must do more than simply show that there is some metaphysical doubt as to the material fact. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 261 (Brennan, J., dissenting) (1986)(quoting *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986)); *Hot Wax, Inc. v. Turtle Wax, Inc.*, 191 F.3d 813, 818 (7th Cir. 1999). Finally, a scintilla of evidence in support of the non-movant's position is not sufficient to oppose successfully a summary judgment motion; "there must be evidence on which the jury could reasonably find for the [non-movant]." *Anderson,* 477 U.S. at 252.

### III.
### FIFER HAS OFFERED NO VERIFYING MEDICAL EVIDENCE

Initially, the Court notes that this case is properly brought pursuant to 42 U.S.C. § 1983. Although Fifer was a federal pre-trial detainee at the Jail, Sgt. Krueger is a state employee and was acting under color of state law for purposes of this suit and § 1983. *Jarno v. Lewis*, 256 F. Supp. 2d 499, 503 (E.D. Va. 2003): *Estate of Carlock v. Williamson*, 2013 WL 5495462, * 1 (C.D. Ill. Oct. 3, 2013).

The Court further notes that the constitutional right allegedly violated by Sgt. Krueger was Fifer's Due Process rights under the Fourteenth Amendment. Again, Fifer was a pre-trial detainee at the time. Therefore, Sgt. Krueger allegedly violated Fifer's Fourteenth Amendment rights, not his Eighth Amendment rights. *Banks v. Patton*, 2017 WL 706217, * 10 (E.D. Wis. Feb. 22, 2017)("As a pretrial detainee, the plaintiff's claims

4

arise under the Due Process clause of the Fourteenth Amendment instead of the Eighth Amendment's Cruel and Unusual Punishment clause, which applies to convicted prisoners.").

This fact is a distinction without a difference, however, because the United States Court of Appeals for the Seventh Circuit has held that the deliberate indifference analysis is the same whether viewed under the Fourteenth or the Eighth Amendment. *Smith v. Dart*, 803 F.3d 304, 309 (7th Cir. 2015); *Phillips v. Sheriff of Cook County*, 828 F.3d 541, 554 n. 31 (7th Cir. 2016); *Mitchell v. Richter*, 2017 WL 752162, * 10 (E.D. Wis. Feb. 27, 2017)(noting that the two standards are "functionally identical"). Therefore, in order to preclude summary judgment and, ultimately, to prevail on his claim, Fifer must offer evidence sufficient to create a genuine issue of material fact "(1) that his condition was 'objectively, sufficiently serious' and (2) that the 'prison officials acted with a sufficiently culpable state of mind." *Lee v. Young*, 533 F.3d 505, 509 (7th Cir. 2008)(quoting *Greeno v. Daley*, 414 F.3d 645, 652 (7th Cir. 2005)); *Duckworth v. Ahmad*, 532 F.3d 675, 679 (7th Cir. 2008)(same).

In addition, Fifer bases his claim against Sgt. Krueger on his allegation that Sgt. Krueger delayed obtaining medical assistance for him for nearly nine hours. The Seventh Circuit has held:

> In cases where prison officials delayed rather than denied medical assistance to an inmate, courts have required the plaintiff to offer "verifying medical evidence" that the delay (rather than the inmate's underlying condition) caused some degree of harm. That is, a plaintiff must offer medical evidence that tends to confirm or corroborate a claim that the delay was detrimental.

*Williams v. Liefer*, 491 F.3d 710, 714-15 (7th Cir. 2007)(internal citations omitted); *Berry v. Peterman*, 604 F.3d 435, 441 (7th Cir. 2010)("A significant delay in effective medical treatment also may support a claim of deliberate indifference, especially where the result is prolonged and unnecessary pain.").

"While an intentional delay in diagnosis or treatment might violate an inmate's constitutional rights, . . . the inquiry turns on the relation between the seriousness of injury at issue and the promptness of medical care." *Visintine v. Zickefoose*, 2014 WL 4388609, * 11 (D.N.J. Sept. 5, 2014); *McGown v. Hulick*, 612 F.3d 636, 640 (7th Cir. 2010)(holding that "the length of delay that is tolerable depends on the seriousness of the condition and the ease of providing treatment.").

Fifer has failed to offer any verifying medical evidence with which to create a genuine issue of material fact that Sgt. Krueger's delay or failure to call 9-1-1 and to call an ambulance to take him to the hospital at 1:30 a.m. caused him any harm as opposed to the harm caused by his gastric bleed. The delay was relatively short, and the only evidence before the Court is that Fifer's condition took a five-day hospital stay in order to bring his gastric bleed under control. There is no evidence that, had Fifer been taken to the hospital nine hours earlier, it would have made any difference in his condition, treatment, prognosis, or recovery.

Although Sgt. Krueger's failure to check on Fifer after his incident in his cell is not a laudatory event, neither does it constitute deliberate indifference. Correctional Officers continued to check on Fifer during their regularly scheduled rounds, and Fifer

6

admitted that he did not vomit anymore after 1:30 a.m.  Fifer remained in his bed until he was seen by Nurse Ernst the next morning around 8:30 a.m. at which time he received his regular medication.  After Nurse Ernst saw Fifer, Nurse Ernst did not feel it necessary to call 9-1-1 or believe that Fifer was experiencing an emergency medical situation.  Therefore, there is no basis to find that Sgt. Krueger—seven hours earlier— should have understood that Fifer's condition was an emergency situation that required immediate action.

**IT IS THEREFORE, ORDERED:**

**1.     Defendant's Motion for Summary Judgment [38] is GRANTED.  The Clerk of the Court is directed to enter judgment in Defendant's favor and against Plaintiff.  All other pending motions are denied as moot, and this case is terminated, with the Parties to bear their own costs.  All deadlines and settings on the Court's calendar are vacated.**

**2.     If Plaintiff wishes to appeal this judgment, he must file a notice of appeal with this Court within 30 days of the entry of judgment. Fed. R. App. P. 4(a)(4).**

**3.     If Plaintiff wishes to proceed in forma pauperis on appeal, his motion for leave to appeal in forma pauperis must identify the issues that he will present on appeal to assist the Court in determining whether the appeal is taken in good faith. Fed. R. App. P. 24(a)(1)(c); *Celske v. Edwards*, 164 F.3d 396, 398 (7th Cir. 1999)(an appellant should be given an opportunity to submit a statement of his grounds for appealing so that the district judge "can make a responsible assessment of the issue**

of good faith."); *Walker v. O'Brien*, 216 F.3d 626, 632 (7th Cir. 2000)(providing that a good faith appeal is an appeal that "a reasonable person could suppose . . . has some merit" from a legal perspective).  If Plaintiff chooses to appeal, he will be liable for the $505.00 appellate filing fee regardless of the outcome of the appeal.

Entered this 6th day of March, 2017

                                                                             __/s/ Colin S. Bruce_____
                                                                                  COLIN S. BRUCE
                                                              UNITED STATES DISTRICT JUDGE